UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DONNA L. WHITAKER

Plaintiff,

V.

CLIENT SERVICES, INC.

Defendant.

AW10CV0724

FILED ___ ENTERED
LOGGED ___ RECEIVED

MAR 23 2010

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

CIVIL ACTION NO.

MARCH 22, 2010

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Donna L. Whitaker, as an individual consumer, against Defendant Client Services, Inc. hereinafter ("CS, Inc.") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Donna L. Whitaker is a natural person residing in the Town of Fort. Washington, State of Maryland.

4. Defendant, CS, Inc. is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 3451 Harry S. Truman Blvd., St Charles, MO 63301, and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant CS, Inc. is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff contacted the Defendant by telephone.

8. Plaintiff, Ms. Whitaker stated that she spoke to a collection agent who identified herself as Kim, Manager at Client Services.

8. Defendant's employee Kim failed to provide the required notice pursuant to 15 U.S.C. §1692 e(11).

10. Plaintiff advised the Defendant through its employee Kim, that she wanted to orally dispute the alleged debt.

11. Defendant's employee Kim advised the Plaintiff "that she could not dispute the debt because it had to be done in writing and that "the reason for the dispute" would be reviewed by Client Services and then forwarded to the client and the "Creditor" will decide if the matter could be disputed." This statement is false, deceptive and misleading and in violation of the FDCPA.

13. Defendant has failed to validate this debt and did not get back to the plaintiff within 30 days.

14. Defendant's statements were false, deceptive and misleading and violated 15 U.S.C. §1692e.

15. Based on information and belief, Client services, Inc., did not report Plaintiff's dispute to the credit bureaus as required by §1692e (8).

16. Based on information and belief, Defendant Client Services, Inc., continued to report the debt without note of Plaintiff's dispute.

17. As a result of the acts alleged above, Plaintiff has been damaged.

## V.  CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19. Defendant violated the FDCPA including but not but not limited to, the following:

(a) Violation of §1692e (2) (A) the false representation of the character, amount, or legal status of any debt.

(b) Violation of §1692e (8) Communicating or threatening to communicated to any person credit information which is know or which should be know to be false, including the failure to communicate that the debt is disputed.

(c) Violation of §1692e (11).

(d) Violation of §1692e.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that Client Services, Inc., conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF

BY _____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph  (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com